Catherine Peek McEwen, U.S. Bankruptcy Court Judge
THIS PROCEEDING comes before the Court on the United States Trustee's Complaint Under 11 U.S.C. §§ 110 and 526 - 28 against the Defendants, Kirkland D. Carnegie and Carnegie Tax Service, Inc. The United States Trustee alleges that the Defendants have been providing bankruptcy assistance services as a bankruptcy petition preparer and a debt relief agency all in violation of 11 U.S.C. §§ 110 and 526 - 28. Upon the consent of the Defendants, as evidenced by their signatures attached hereto, this Court will enter judgment in favor of the United States Trustee and accord relief largely consistent with that requested in the Complaint.
*261 Jurisdiction
Under 28 U.S.C. §§ 157, 1334, and 11 U.S.C. §§ 110 and 526(c), this Court has jurisdiction. The statutory predicates for the Complaint are 11 U.S.C. §§ 110, 526(c), and Federal Rules of Bankruptcy Procedure 7001(7), 7001(9), and 9011(b)(3). The Complaint constitutes a core proceeding to which the parties all have consented to having this Court enter final order and judgments. As this Consent Judgment provides for sanctions, future injunctive, and prospective relief, this Court must describe the conduct determined to constitute a violation and explain the basis for the sanction imposed, even if by stipulation and consent.
Stipulated Facts
Defendants have operated a business in the State of Florida. At times, the Defendants have provided their client-customers with bankruptcy assistance services by preparing the necessary forms and materials to file for bankruptcy relief in return for money or other valuable consideration. Mr. Carnegie is not an attorney, nor does he put himself out as being an attorney or offering legal services only authorized to be provided by an attorney admitted to practice law.
Specific to the bankruptcy case of Mr. and Mrs. Williams, the Defendants offered to provide bankruptcy assistance to the Debtors by preparing the bankruptcy petition, schedules, and statements. The Williams constitute assisted persons as defined under the Bankruptcy Code and Rules. The Defendants did not enter into or provide the Williams' with any fully executed written contract for bankruptcy assistance services. The Defendants drafted and prepared the bankruptcy petition for Mr. and Mrs. Williams for payment of $300.00. The Defendants constitute bankruptcy petition preparers and thereby a debt relief agency as defined under the Bankruptcy Code and Rules.
The Defendants did not disclose that they provided bankruptcy petition preparation services to the Williams. The Defendants did not sign the bankruptcy petition. The Defendants did not disclose the social security number.
On the petition that the Defendants prepared for Mr. and Mrs. Williams, the Defendants checked "No" for the Williams' answer to the question:
Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?
On the Williams' Statement of Financial Affairs, the Defendants checked "No" for the Williams' answer to the question:
Within 1 year before you filed for bankruptcy, did you or anyone acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition? Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.
The Defendants did not prepare an Official Form 119 - Bankruptcy Petition Preparer's Notice, Declaration, and Signature. The Defendants did not prepare or file a Bankruptcy Form 2800 - Disclosure of Compensation of Bankruptcy Petition Preparer.
The above stated facts arise in every case that the Defendants provided bankruptcy assistance services as a bankruptcy petition preparer-one need only change the names of the Defendants' client-customers.
Discussion
Congress amended the Bankruptcy Code in 1994 to address perceived abuses by non-attorney petition preparers. Courts applying § 110 since its enactment have *262 construed it relatively broadly in order to give effect to its remedial mandate.
Courts have rejected attempts to evade the statute by persons who claims they were not compensated for preparing documents, but merely were collecting money for other services.[1]
In many ways, Bankruptcy Code § 110 is a model of clarity for those non-attorney individuals who want to provide bankruptcy assistance services and prepare bankruptcy papers for filing. It describes in detail conduct forbidden by statute, identifies a range of remedies, and punishments for violations of the statute.
Almost a decade later, Congress again amended the Bankruptcy Code in 2005 to address more perceived abuses by entities that provide bankruptcy assistance services to consumer debtors. And like § 110, §§ 526 -28 provide clarity for those entities wanting to provide bankruptcy assistance services to consumer debtors. Sections 526-28 describe in detail conduct forbidden by statute and identify a range of remedies and punishments for violations.
Based upon the foregoing, this Court finds and concludes that the Defendants have provided services to debtors and assisted persons in this Court in violation of Bankruptcy Code §§ 110, 526, 527, and 528. This Court finds and concludes that the Defendants had no actual intent to violate §§ 110, 526, 527, or 528 ; however, intent to violate is not a prerequisite finding for ordering disgorgement, refund, reimbursement, civil penalties, or prospective relief.
Accordingly, upon the foregoing and for good cause found, IT IS ORDERED that:
1. The Defendants, jointly and severally, constituted a debt relief agency and bankruptcy petition preparers as defined under 11 U.S.C. §§ 110(a) and 101(12A).
2. The Defendants, jointly and severally, provided services as a bankruptcy petition preparer and debt relief agency to client-customers in this Court that violated 11 U.S.C. §§ 110, 526, 527, and 528.
3. In the bankruptcy case, In re Williams , 8:17-bk-09062-CPM, the Defendants, jointly and severally, negligently violated 11 U.S.C. §§ 110, 526, 527, and 528.
4. The Defendants, jointly and severally, must disgorge, reimburse, and refund all fees, costs, and expenses of Mr. and Mrs. Williams, in the total amount of $635.00. The Defendants shall remit this payment within thirty days of the entry of this Consent Judgment directly to Mr. and Mrs. Williams by check and provide proof of remittance to J. Steven Wilkes, Trial Attorney, U.S. Department of Justice, Office of the U.S. Trustee for Region 21, 501 E. Polk St., Ste. 1200, Tampa, Florida 33602.
5. In accordance with 11 U.S.C. § 526(c)(5), the Defendants, jointly and severally, shall pay civil penalties of $365.00 to the United States Trustee. That payment shall be made within thirty days of the entry of this Consent Judgment and be made payable to the United States Treasury. The Defendants shall remit this payment to J. Steven Wilkes, Trial Attorney, U.S. Department of Justice, Office of the U.S. Trustee for Region 21, 501 E. Polk St., Ste. 1200, Tampa, Florida 33602.
6. As the Defendants are consensually, immediately, and indefinitely ceasing all bankruptcy petition preparation and bankruptcy assistance services, this Court will not order the payment of $2,000.00, the per-violation sanctions of $500.00, or the trebling of sanctions.
*263 7. Under 11 U.S.C. §§ 105, 110, and 526 and by consent, the Defendants, jointly and severally, are permanently and indefinitely ENJOINED and SHALL NOT :
a. Counsel, represent, or provide any other means of assistance or representation of any person or entity in any potential matter governed under the jurisdiction of the Bankruptcy Code and Rules;
b. Prepare, draft, assist in the preparation or drafting, or file any papers, pleadings, or petitions to be used or filed in any bankruptcy court, except for any filings made by and for Mr. Kirkland D. Carnegie, acting in propria persona ;
c. Engage in any conduct constituting bankruptcy assistance as defined under the Bankruptcy Code and Rules; and
d. Act or engage in any conduct as a bankruptcy petition preparer or a debt relief agency as defined and as governed under the Bankruptcy Code and Rules.
8. The Clerk of this Bankruptcy Court shall record this Consent Judgment in her judgment log maintained in accordance with Federal Rule of Bankruptcy Procedure 5003(c).
9. This Consent Judgment shall be effectively immediately upon its entry. The monetary judgments are effective thirty days after entry of this Consent Judgment and for which sum let execution issue without further action.
10. This Court retains jurisdiction over all matters arising from or relating to the implementation of this Consent Judgment. But this shall not construed as any limitation on any reciprocal jurisdiction of any court or bar association in that jurisdiction or before that tribunal.

2 Collier of Bankruptcy ¶ 110.02[1](Alan. N. Resnick & Henry J. Sommers, eds., 16th ed.).